to stand.    There was evidence to show that the plain-
tiff was familiar with the locality, and it was contended
that by reason of this familiarity she could, by exercis-
ing proper diligence, have avoided the injury.    But
there was also evidence to show that since the last time
she saw the place of the accident, there had been a
change in the condition of the open sewer.    She had
been absent from Milledgeville two years.    At the time
she left, the brickwork of the sewer projected some
inches above the ground, but when she was injured, it
was on a level with the surface of the ground, a circum-
stance which misled her, and to some extent contrib-
uted to the injury.    Doubtless the court charged the
jury upon the law of contributory negligence, and the
amount of the verdict would seem to indicate that the
jury considered this in making their finding.    In view
of all the facts, we see no reason to interfere with the
discretion of the court below in upholding this verdict.
The judgment is therefore                      *Affirmed.*

## MILLER *v.* MILLER.

There was no abuse of discretion in refusing a new trial, the evi-
dence upon the main issue being conflicting.

July 13, 1891.                                    *Judgment affirmed.*

From Baldwin superior court.  July term, 1890.  Be-
fore Judge JENKINS.

C. P. CRAWFORD, for plaintiff.

WHITFIELD & ALLEN, for defendant.

## FULLER & OGLESBY *v.* VINING.

Defendant in a *fi. fa.* issued upon a revived judgment, after litigat-
ing the legality of a levy, and after final judgment that the levy
proceed, cannot raise the question, by a subsequent affidavit of
illegality, of proper service upon him in the proceedings to revive
the judgment before the *fi. fa.* issued.

July 13, 1891.